UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>In Re: AUTOMOTIVE BRAKE HOSES<br><br>THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | CASE NO. 12-MD-02311<br>HON. MARIANNE O. BATTANI<br><br><br><br>2:16-cv-03601-MOB-MKM<br>2:16-cv-14245-MOB-MKM<br>2:19-cv-12720-MOB-MKM |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH THE TOYODA GOSEI
DEFENDANTS, PROVISIONAL CERTIFICATION OF THE TOYODA
GOSEI SETTLEMENT CLASS, AND AUTHORIZING
DISSEMINATION OF NOTICE TO THE DIRECT PURCHASER
HITACHI METALS AND TOYODA GOSEI SETTLEMENT CLASSES**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of Proposed Settlement with Toyoda Gosei Defendants (the "Toyoda Gosei Defendants") and for an Order Authorizing Dissemination of Notice to the Direct Purchaser Hitachi Metals and Toyoda Gosei Settlement Classes (the "Motion"), and supporting memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the Toyoda Gosei Settlement Agreement (the "Toyoda Gosei Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement.

Preliminary Approval of Toyoda Gosei Settlement Agreement

3. The terms of the Toyoda Gosei Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

   a. The proposed class representative and Settlement Class Counsel have adequately represented the Settlement Class;

   b. The Toyoda Gosei Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Toyoda Gosei Settlement Agreement should be given to members of the proposed Toyoda Gosei Settlement Class;

   c. The relief provided for the Toyoda Gosei Settlement Class is adequate; and

   d. The Settlement Agreement treats members of the Toyoda Gosei Settlement Class equitably relative to each other.

Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "Toyoda Gosei Settlement Class"):

> All individuals and entities who purchased Automotive Brake Hoses in the United States directly from Defendants (or their subsidiaries or affiliates) from November 1, 2005 through August 28, 2017 ("Settlement Class Period"). Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5. For purposes of the proposed Toyoda Gosei Settlement Class definition, the following entities are Defendants: Toyoda Gosei Co., Ltd.; Toyoda Gosei North America Corp.; and TG Kentucky, LLC.

6. The Court finds that provisional certification of the Toyoda Gosei Settlement Class is warranted in light of the Settlement Agreement because: (a) the Toyoda Gosei Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representative's claims present common issues and are typical of the Toyoda Gosei Settlement Class; (c) the Direct Purchaser Plaintiff Class Representative and Settlement Class Counsel (identified below) will fairly and adequately represent the Toyoda Gosei Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Toyoda Gosei Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representative's interests are aligned with the interests of all other members of the Toyoda Gosei Settlement Class. The Court also finds that settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Class Representative and Settlement Class Counsel</u>

7. The Court hereby appoints Plaintiff Emerald Capital Advisors Corporation, in its capacity as Trustee for the FAH Liquidating Trust, to serve as Class Representative for the Toyoda Gosei Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the Toyoda Gosei Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

Notice to Potential Hitachi Metals and Toyoda Gosei Settlement Class Members

9. By Order dated September 29, 2017 (2:16-cv-03601, ECF No. 6; 2:16-cv-14245, ECF No. 21), this Court preliminarily approved a Settlement Agreement between the Direct Purchaser Plaintiff and Defendant Hitachi Metals, Ltd. ("Hitachi Metals") and certified for purposes of the settlement a Direct Purchaser Hitachi Metals Settlement Class (the "Hitachi Metals Settlement Class").

10. The Hitachi Metals and Toyoda Gosei Settlement Classes shall receive notice in accordance with the terms of this Order.

11. The Court approves the form and content of: (a) the Notice of Proposed Settlements of Direct Purchaser Class Action with the Hitachi Metals and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form (the "Notice"), attached as Exhibit 2 to the Notice Memorandum; (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the Hitachi Metals and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters (the "Summary Notice"), attached as Exhibit 3 to the Notice Memorandum; and (c) the Informational Press Release (the "Press Release"), attached as Exhibit 4 to the Notice Memorandum.

12. The Court finds that the mailing of the Notice and publication of the Summary Notice and Press Release, in the manner set forth herein constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13. On or before February 7, 2020, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential

members of the Hitachi Metals and Toyoda Gosei Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice or Press Release. In addition, a copy of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

14. On or before February 17, 2020, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one edition of *Automotive News*. Additionally, an online banner notice will appear over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, the Press Release, in substantially the same form as Exhibit 4 to the Notice Memorandum, will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.

15. On or before March 9, 2020, Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed settlements with the Hitachi Metals and Toyoda Gosei Defendants; approval of a proposed plan of distribution of the settlement funds; an award of attorneys' fees and expenses; and an incentive payment to the Class Representative.

16. All requests for exclusion from either of the Hitachi Metals and Toyoda Gosei Settlement Classes must be in writing, postmarked no later than April 3, 2020, and must otherwise comply with the requirements set forth in the Notice.

17. Any objection by any member of the Hitachi Metals or Toyoda Gosei Settlement Classes to either of those proposed settlements, or to the proposed plan of distribution, the request for attorneys' fees and expenses, or to an incentive payment to the Class Representative, must be in writing, must be filed with the Clerk of Court and postmarked no later than April 3, 2020, and must otherwise comply with the instructions set forth in the Notice.

18. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with this Order.

19. The Court will hold a Fairness Hearing on June 17, 2020, at 2:00 p.m., at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, MI, 48226, Courtroom 250 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed Hitachi Metals and Toyoda Gosei settlements; (2) the proposed plan of distribution of the settlement funds; (3) Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses; and (4) the request for an incentive payment to the Class Representative. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Classes.

20. Any Settlement Class member who wishes to participate in the distribution of the Hitachi Metals and Toyoda Gosei settlement funds must submit a Claim Form in accordance with the instructions therein. Any Claim Form submitted electronically must be submitted on or before May 29, 2020. Any Claim Form submitted via mail must be postmarked on or before May 29, 2020.

Other Provisions

21. In the event that the Toyoda Gosei Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection

therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the Toyoda Gosei Defendants, and the members of the Toyoda Gosei Settlement Class.

22. The Court's provisional certification of the Toyoda Gosei Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Toyoda Gosei Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

23. Any potential Settlement Class Member who requests exclusion from the Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

24. The Court approves the escrow account referenced in the Toyoda Gosei Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Toyoda Gosei Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

25. The Direct Purchaser Class litigation against the Toyoda Gosei Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: January 17, 2020　　　　　　　　s/Mark A. Goldsmith on behalf of
　　　　Detroit, Michigan　　　　　　　　Marianne O. Battani
　　　　　　　　　　　　　　　　　　　　United States District Judge